

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**07/07/2015**

|                          |   |                            |
|--------------------------|---|----------------------------|
| IN RE                    | ) |                            |
|                          | ) |                            |
| JANE KAO,                | ) | CASE NO. 15-31193-H3-13    |
|                          | ) |                            |
|    Debtor,| ) |                            |
|                          | ) |                            |
| JANE KAO,                | ) |                            |
|                          | ) |                            |
|    Plaintiff, | ) |                        |
| v.                       | ) | ADV. NO. 15-3114           |
|                          | ) |                            |
| J. MICHAEL KELLY, ET AL.,| ) |                            |
|                          | ) |                            |
|    Defendants.| ) |                        |
|                          | ) |                            |

<u>MEMORANDUM OPINION</u>

The court has considered "J. Michael Kelly's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6), and Alternatively, Motion to Abstain" (Docket No. 10). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Jane Kao ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 2, 2015. Debtor filed the instant Chapter 13 case after a previous Chapter 11 case, Case No. 10-34549-H3-11, was dismissed, and after she received a

discharge in a previous Chapter 7 case, Case No. 12-31484-H3-7.

In the complaint in the instant adversary proceeding, Plaintiff seeks various relief regarding parcels of real property located in California and Texas. Generally, Plaintiff asserts that foreclosures as to both parcels, conducted during 2010 at the instance of Defendant J. Michael Kelly, were void in light of Plaintiff's contention that a judgment of the California court in favor of Kelly was void. Plaintiff also seeks an order from this court requiring a sale of the California property free and clear of the asserted property interest of Kelly.

Debtor raised the same arguments for avoidance of the asserted property interests or liens in two adversary proceedings filed during her prior Chapter 11 case, Adv. No. 10-3362, as to the California property, and Adv. No. 10-3433, as to the Texas property.

As to Adv. No. 10-3362, reference of the adversary proceeding to the bankruptcy court was withdrawn. (See Docket No. 50, Adv. No. 10-3362). Thereafter, the adversary proceeding was dismissed, in light of the dismissal of the Chapter 11 case. (See Docket No. 10, C.A. No. 4:11-cv-2901).

As to Adv. No. 10-3433, the court abstained, in light of litigation pending in state court. (See Docket Nos. 50, 51, 57, Adv. No. 10-3433; Docket No. 59, Case No. 10-34549-H3-11).

2

In the instant motion, Kelly seeks dismissal for failure to state a claim upon which relief can be granted, or alternatively, seeks that this court abstain.  Kelly asserts that the power to compel a sale free and clear of the interests of the bankruptcy estate and co-owners of property pursuant to Section 363(h) of the Bankruptcy Code is not a power which a Chapter 13 debtor may exercise.  Kelly asserts that the remainder of Debtor's claims are barred by res judicata or limitations.

Kelly asserts that mandatory or permissive abstention applies.  Kelly states that he has sought a jury trial, does not consent to a jury trial before the bankruptcy court, and does not consent to final orders signed by a bankruptcy judge.

In the instant motion, Kelly states that a suit is pending in California with respect to the California property. Debtor does not contest this statement, but rather argues that this court should retain the instant adversary proceeding in the interests of judicial economy and the expense Debtor would incur litigating in multiple forums.

<u>Conclusions of Law</u>

Section 363(h) of the Bankruptcy Code provides:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if -

3

> (1) partition in kind of such property among the
> estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in
> such property would realize significantly less for
> the estate than sale of such property free of the
> interests of such co-owners;
> (3) the benefit to the estate of a sale of such
> property free of the interests of co-owners
> outweighs the detriment, if any, to such co-
> owners; and
> (4) such property is not used in the production,
> transmission, or distribution, for sale, of
> electric energy or of natural or synthetic gas for
> heat, light, or power.

11 U.S.C. § 363(h).

> Section 1303 of the Bankruptcy Code provides:

> Subject to any limitations on a trustee under this
> chapter, the debtor shall have, exclusive of the
> trustee, the rights and powers of a trustee under
> sections 363(b), 363(d), 363(e), 363(f), and 363(l), of
> this title.

11 U.S.C. § 1303.

In In re Wrublik, 312 B.R. 284 (Bankr. D. Md. 2004),
the court held that Congress did not intend to grant Chapter 13
debtors the power to sell the interests of the bankruptcy estate
and co-owners of property under Section 363(h) of the Bankruptcy
Code, because the House version of Section 1303(h), which was
ultimately adopted, excluded Section 363(h) from the powers given
to Chapter 13 debtors exclusive of the Chapter 13 trustee, while
the Senate version, which was not adopted, included Section
363(h) among the powers given to Chapter 13 debtors exclusive of
the Chapter 13 trustee.  This court finds persuasive the
rationale of the court in Wrublik.  The court concludes that the

4

complaint fails to state a claim upon which relief can be granted
under Section 363(h) of the Bankruptcy Code.[1]

As to the remaining causes of action, under
28 U.S.C. § 1334(c)(1)::

> (c)(1) Except with respect to a case under chapter 15
> of title 11, nothing in this section prevents a
> district court in the interest of justice, or in the
> interest of comity with State courts or respect for
> State law, from abstaining from hearing a particular
> proceeding arising under title 11 or arising in or
> related to a case under title 11.

28 U.S.C. § 1334(c)(1).

In determining whether to abstain under
28 U.S.C. § 1334(c)(1), courts consider the totality of
circumstances, including 1) the effect or lack thereof on the
efficient administration of the estate; 2) the extent to which
state law issues predominate over bankruptcy issues; 3) difficult
or unsettled nature of applicable law; 4) the presence of related
proceedings commenced in state court or other nonbankruptcy
proceedings; 5) a jurisdictional basis, if any, other than 11
U.S.C. § 1334; 6) the degree of relatedness or remoteness of
proceeding to main bankruptcy case; 7) the substance rather than
the form of an asserted core proceeding; 8) the feasibility of
severing state law claims from core bankruptcy matters to allow

---

[1]Kelly did not articulate an argument as to how the
remaining causes of action are barred by res judicata or
limitations.  As to the causes of action other than under Section
363(h), the court declines to dismiss for failure to state a
claim.

judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of the bankruptcy docket; 10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of non-debtor parties; 13) comity; and 14) the possibility of prejudice to other parties in the action. <u>McVey v. Johnson (In re SBMC Healthcare, LLC)</u>, 519 B.R. 172 (Bankr. S.D. Tex. 2014).

In the instant adversary proceeding, state law issues predominate. The issues raised are remote to the main bankruptcy case. There are pending proceedings commenced in state court. It appears that the instant adversary proceeding has been filed in this court, after the court previously abstained from consideration of the several of the same issues in a previous adversary proceeding, in an attempt at forum shopping. Kelly has asserted a right to a jury trial, and does not consent to a jury trial before a bankruptcy judge. Debtor's strongest argument against abstention is the consolidation of litigation before a single forum. However, the causes of action other than those as to which Kelly has asserted a right to a jury trial might conceivably be tried before the bankruptcy court. Thus, a multiplicity of litigation might potentially occur even if the court were not to abstain. The remaining factors identified

6

above are neutral with respect to the causes of action pled in the instant adversary proceeding.  This court concludes, based on the totality of circumstances, that the court should abstain from consideration of the remaining claims, after dismissing the claim under Section 363(h) of the Bankruptcy Code.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on this _____

day of _____, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

7